IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BERBERICH, et al., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No. |
| v. | ) ) ) |
| DR. MICHAEL HELLMAN, M.D., et al., | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendants Saint Luke's Hospital of Kansas City ("Hospital"), Saint Luke's East Hospital ("East Hospital"), Saint Luke's Health System, Inc. ("Health System"), Saint Luke's Physician Group, Inc. ("SLPG"), and Rockhill Orthopaedic Specialists, Inc. ("Rockhill") (collectively, the "Removing Defendants"), by and through their undersigned counsel, hereby submit this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division, of the above-styled action, pending as Case No. 2416-CV23131 in the Circuit Court of Jackson County, Missouri at Kansas City. In support of this notice and as grounds for removal, the Removing Defendants state as follows:

### BACKGROUND

1. Plaintiffs William and Barbara Berberich, Kathleen Brown, Darlene Lenley, C. Rose O'Donnell, Eddie Shipman, Ramon Williams and Steven Wilson ("Plaintiffs") filed their

Class Action Petition ("Petition") in Missouri State Court on August 13, 2024. *See* State Court Docket, attached as Exhibit 1; Plaintiffs' Petition, Ex. 2.

2. Plaintiffs' Petition named the Removing Defendants, in addition to separate defendants Dr. Michael Hellman, M.D., Dr. Kelly M. James, M.D. Dickson-Dively Midwest Orthopedic Clinic, LLC., and United Surgical Associates of Kansas City n/k/a Surgical Care of Independence, Inc. *Id.*

3. The Petition contained nine counts: (I) Negligence, (II) Negligence *per se* (Federal CMS Regulations), (III) breach of fiduciary duty, (IV) breach of express contract, (V) breach of implied contract, (VI) unjust enrichment, (VII) violations of MMPA, (VIII) medical malpractice, and (VIIII)[sic] Fraud. *See* Ex. 2, ¶¶ 147—226.

4. On August 23, 2024, Plaintiffs filed a First Amended Class Action Petition. *See* Ex. 3.

5. Plaintiffs' Amended Petition, in general, alleges a class action against all nine named Defendants stemming from an alleged failure to properly sterilize surgical equipment. *Id.*

6. Plaintiffs' Amended Petition contains the following proposed Class Definition:

> Any and/or all Missouri residents who were exposed and/or charged by Defendants despite Defendants failure to maintain proper sterilization practices and procedures as required by Missouri § CSR 30-20.114 Missouri Law.

*Id.*, ¶ 14.

## **REMOVAL IS TIMELY**

7. Removing Defendants accepted service on September 5, 2024.

8. No other Defendant has been served. *See* Docket Sheet, Ex. 1 hereto.

9. Accordingly, this Notice of Removal is filed within thirty (30) days as provided by 18 U.S.C. § 1446.

# GROUNDS FOR REMOVAL

## I. FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

10. Plaintiffs' Amended Petition is removable on the basis of federal question jurisdiction because it turns on allegations of federal regulations and allegations of Missouri state regulations that themselves turn on federal regulations.

11. Federal district courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. This is commonly referred to as "federal question jurisdiction."

12. In *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772 (8th Cir. 2009), the Eighth Circuit explained how federal question jurisdiction is determined upon removal:

> Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir.2005). Federal jurisdiction may be found from a complaint if adjudication of a state claim would **turn on** a federal constitutional or other important federal question, **even where only state law issues have been pled**. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808–09, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). If even **one** claim in the complaint involves a substantial federal question, the entire matter may be removed. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

*Id.* at 779 [emphasis added].

13. Here, Count II of Plaintiffs' Amended Petition alleges a claim for negligence *per se* against all Defendants, which is partially premised on allegations related to federal regulations, *viz.*:

> 172. At all relevant times, the **Secretary of Health and Human Services** was empowered under **42 U.S.C. § 1302** to make and publish such rules and

regulations as necessary for the efficient administration of the Secretary's function in administering **Medicare and Medicaid.**

173. At all relevant times, the **Secretary of Health and Human Services**, through **CMS**, promulgated various rules and regulations as conditions of participation in **Medicare and/or Medicaid.**

174. At all relevant times, certain of the **regulations duly promulgated by CMS** were in effect, had the **force of law**, and were applicable to facilities such as Defendants operate.

*See* Exhibit 3 [emphasis added].

14. Count II of Plaintiffs' Amended Petition also contains allegations that turn on Missouri state regulations that themselves turn on federal regulations, *viz.*:

175. For example, at all relevant times, Defendants had a legal duty to maintain an effective governing body that is legally responsible for the conduct of the hospital and ensures that services provided at the hospital, like the cleaning of surgical instruments, are provided in a safe manner and in accordance with professional standards under, inter alia, various laws including but not limited to sections 19 CSR 30-20.114, 19 CSR 30-20.011 and 19 CSR 30-20.30.

176. Likewise, at all relevant times, Defendants. Had [sic] a legal duty to develop, implement, and maintain an effective, ongoing, hospital-wide, data-driven quality assessment and performance improvement program under, inter alia, various laws including but not limited to sections 19 CSR 30-20.114 , 19 CSR 30-20.011 and 19 CSR 30-20.30.

177. Accordingly, at all relevant times, Defendants had a legal duty to provide a sanitary environment to avoid sources and transmission of infections and communicable diseases under, inter alia, various laws including but not limited to sections 19 CSR 30-20.114 , 19 CSR 30-20.011 and 19 CSR 30-20.30.

178. Further, at all relevant times, Defendants had a legal duty to provide surgical services that were well-organized and provided in accordance with acceptable standards of practice under, inter alia, various laws including but not limited to sections 19 CSR 30-20.114 , 19 CSR 30-20.011 and 19 CSR 30-20.30.

179. At all relevant times, Defendants had a legal duty to abide by the requirements of, inter alia, various laws including but not limited to sections 19 CSR 30-20.114 , 19 CSR 30-20.011 and 19 CSR 30-20.30.

*See* Exhibit 3.

15. Plaintiffs' Count II alleges that Defendants breached their obligations under such regulations which Plaintiffs allege to be negligence *per se* by all Defendants. *Id.* at ¶ 181. However, the Missouri regulations cited by Plaintiffs turn on application of federal regulations and as such, Plaintiffs' Count II "turns on" federal law and federal questions. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772, 779 (8th Cir. 2009).

16. For example, Missouri regulation 19 CSR 30-20.011, cited by Plaintiffs numerous times, specifically incorporates federal regulations into its application and analysis. *Id.* at subsection 10.

17. Likewise, the same is true of Missouri regulation 19 CSR 30-20.30, which incorporates and applies federal regulations. *Id.* at subsection 3.

18. Since resolution of Plaintiffs' Count II must necessarily involve resolution of substantial federal law questions—including a determination whether the incorporated **federal regulations** are applicable to the Removing Defendants, whether the Removing Defendants violated those **federal regulations** and whether the Removing Defendants' alleged failure to follow those **federal regulations** constitutes negligence *per se*—there should be no doubt that Plaintiffs' Count II "turns on" a "substantial federal question." *Pet Quarters, Inc.,* 559 F.3d at 779.

19. Because the proposed Class which Plaintiffs seek to certify includes those who have allegedly suffered from Defendants' supposed violations of federal law, federal district courts have either: (A) original jurisdiction over every cause of action or (B) supplemental jurisdiction over the causes of action that are not overtly premised on federal questions (e.g., Plaintiff's negligence, MMPA, fraud and medical malpractice claims) because those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See Great Lakes Gas Transmission L.P. v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331-32 (8th Cir. 2016); *Subrogation Division Inc. v. Brown*, 446 F. Supp. 3d 542, 547-49 (D.S.D. 2020); *TallBear v. Soldi, Inc.*, 2020 WL 2490047, *4-5 (D. Minn. May 14, 2020).

20. Plaintiffs' Amended Petition is replete with references to laws that will require analysis of federal law and accordingly, Plaintiffs' Amended Petition is removable for federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**PROCEDURE AND TIMELINESS OF REMOVAL**

21. 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

22. 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

23. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely filed within thirty days of the Removing Defendants' service of Plaintiffs' Amended Petition.

**VENUE**

24. Removal to the United States District Court for the Western District of Missouri is appropriate. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

25. The state court action is pending in the Circuit Court of Jackson City, Missouri, which is located in the geographical jurisdiction of the United States District Court for the Western District of Missouri. Therefore, venue properly lies in this Court.

**CONSENT TO REMOVAL**

26. The Removing Defendants have obtained the consent of Co-Defendants Dr. Michael Hellman, M.D., Dr. Kelly M. James, M.D., Dickson-Dively Midwest Orthopedic Clinic,

LLC, and United Surgical Associates of Kansas City n/k/a Surgical Care of Independence, Inc., copies of which are attached hereto collectively as Exhibit 5.

## NOTICE PROVIDED TO PLAINTIFFS AND STATE COURT

27. Contemporaneously herewith, the Removing Defendants have given Plaintiffs written notice of the filing of this Notice of Removal.

28. Further, pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be promptly filed with the Clerk of the Circuit Court of Jackson County, Missouri.

29. Also, pursuant to 28 U.S.C § 1446(a), the Removing Defendants file herewith a copy of all process, pleadings, orders, and other documents on file in Case No. 2416-CV10317 in the Circuit Court of Jackson City, Missouri as Exhibit 4 hereto.

30. All requirements and conditions precedent for removal to the Western District of Missouri have been met.

## CONCLUSION

WHEREFORE, Defendants Saint Luke's Hospital of Kansas City, Saint Luke's East Hospital, Saint Luke's Health System, Inc., Saint Luke's Physician Group, Inc., and Rockhill Orthopaedic Specialists, Inc. respectfully request that the above-entitled action now pending in the Circuit Court of Jackson County, State of Missouri, be removed therefrom to this Court.

Dated: October 7, 2024.  Respectfully Submitted,

   */s/ Justin D. Fowler*
Justin D. Fowler   MO #57791
Joseph A. Kronawitter   MO #49280
Taylor P. Foye   MO #71527
Claire J. Cowherd   MO #74617
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jfowler@hab-law.com
jkronawitter@hab-law.com
tfoye@hab-law.com
ccowherd@hab-law.com

***Attorneys for Defendants Saint Luke's Hospital of Kansas City, Sant Luke's Health System, Inc., Saint Luke's Physician Group, Inc., and Rockhill Orthopaedic Specialists, Inc.***

## CERTIFICATE OF SERVICE

   I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

   */s/ Justin D. Fowler*